IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINI
WHEELING DIVISION

*FILED*

*MAR 3 2026*

*U.S. DISTRICT COURT- WVND*
*WHEELING, WV 26003*

DIANA MEY,

      Plaintiff,

v.

PALMER ADMINISTRATIVE SERVICES, INC
AKA AUTO SERVICE DEPARTMENT, AKA
AUTO SERVICE CENTER
3430 SUNSET AVENUE
OCEAN CITY NJ  07712


NATIONAL ADMINISTRATIVE SOLUTIONS
5500 FRANTZ ROAD SUITE 100
DUBLIN OH 43017


and

SING FOR SERVICE, LLC
D/B/A MEPCO.
838 WALKER ROAD SUITE 21-2
DOVER, DE 19904

      Defendants.

Civil Action No.

5:26 CV 47

## COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendants Palmer Administrative Services, Inc. d/b/a Auto Service Department & Auto Service Center; National Administrative Solutions; Sing For Service, LLC d/b/a Mepco ("Defendants"):

## PRELIMINARY STATEMENT

1

1. Plaintiff Diana Mey brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.

2. The Plaintiff received at least three illegal telemarketing calls from Defendants to her wireless line between April 23, 2025 and December 4, 2025.

3. The Plaintiff never consented to receive these calls, which were placed to her for telemarketing purposes.

## PARTIES AND JURISDICTION

4. The Plaintiff, Diana Mey, is an individual residing in Wheeling, West Virginia.

5. Defendant, Palmer Administrative Services Inc. ("Palmer") is a Delaware-registered corporation headquartered in Ocean New Jersey. Palmer holds itself out to the public under various trade names, including "Auto Service Department," and "Auto Service Center." Its address for service of process is 971 US Highway 202N Ste R, Branchburg, NJ, 08876. Defendant Palmer conducts telemarketing and sales operations nationwide, including in West Virginia and within this district, marketing and selling vehicle protection plans, colloquially referred to as "extended warranties."

6. Defendant National Administrative Solutions ("National") is an Ohio registered company headquartered in Dublin, Ohio. Its address for service of process is 5500 Frantz Road Suite 100, Dublin, Ohio 43017. Defendant National administers and is the obligated party for vehicle protection plans, colloquially referred to as

"extended warranties," marketed and sold nationwide by Palmer, including to consumers in West Virginia and within this district.

7.   Defendant Sing for Service, LLC is a Delaware limited liability company, doing business as "Mepco." It is headquartered in Chicago, Illinois and its address for service of process is 10 S. LaSalle Street, Suite 2310, Chicago, IL 60603. Mepco provides financing and payment-plan services for vehicle protection plans sold by Palmer and administered by National.  In that role, Mepco approves and funds consumer installment contracts, disburses funds to Palmer and National, and finances transactions involving consumers located in West Virginia and within this district.

## Jurisdiction & Venue

8.  At all relevant times the Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or derived substantial revenue from products and services sold in West Virginia.

9.  Because several of Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

10. Because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2).  In particular, the telemarketing calls and text messages to Plaintiff were received in this district.

3

## OPERATIVE FACTS

11. Defendants are in the business of selling and operating various portions of, *inter alia,* vehicle protection plans, colloquially referred to as "extended warranties".

12. To reach as many customers as possible over the telephone, Defendants rely on the use of automated tools to place telemarketing phone calls that can reach thousands of potential customers en masse.

13. Many of these calls are also placed to consumers who registered their phone numbers on the federal Do Not Call registry, as per Plaintiff's experience.

14. Plaintiff's wireless telephone number (the "Number"), 304-280-XXXX is a residential number she maintains for personal and household use.

15. The Plaintiff personally registered this Number on the National Do Not Call Registry in 2003 and it has been listed continuously on the Registry since then.

16. Plaintiff has never provided any of the Defendants, nor their agents, with prior express written consent to call the Number, nor does she have an established business relationship with any of the Defendants.

17. None of the Defendants' calls were necessitated for an emergency purpose.

18. On April 23, 2025 Plaintiff received a call to her Number 304-280-

XXXX from spoofed Caller ID 681-293-8398.  When Plaintiff answered, the agent "Brian" said he was calling from the auto service department about a 2011 Volkswagen Jetta.

19. Because the name of the business was not identified by the caller, Plaintiff knew it would not be easy, or potentially impossible, to identify the business without actually purchasing a contract.  Plaintiff therefore engaged with the agent and was transferred to yet another agent and shortly thereafter, the call disconnected.

20. On December 4, 2025 Plaintiff received a call to her Number 304-280-XXXX from spoofed Caller ID 329-204-3453.  When Plaintiff answered, the agent "Jennae" said she was calling from the auto service department about a 2011 Volkswagen Jetta.

21. Because the caller used a generic name for the business, Plaintiff new it would not be easy, or potentially impossible, to identify the caller without actually purchasing a contract.  Plaintiff therefore engaged with the agent and was transferred to another agent.

22. Plaintiff provided her credit card number and email address to this second agent to purchase a vehicle protection plan.  While still on the line with the agent, Plaintiff logged into her online credit card account and could see that her credit card had been debited on that day in the amount of $99.00 by "Auto Service Center."

23. Plaintiff asked the agent for a website for Auto Service Center and was

provided "ASDServicedept.com," a website with a format virtually identical to that of the website maintained by Palmer at palmadmin.com, including identical mailing addresses and contact phone numbers. The agent then volunteered that Mepco would be the payment processor. When Plaintiff asked for the name of the underwriter, the agent put the call on hold to ask someone else and the call disconnected.

24. A few minutes later the agent called the Plaintiff's Number back from spoofed Caller ID 681-221-2138 and identified the underwriter for the policy as National Administrative Solutions Corp.

25. Prior to receiving these telephone calls by or on behalf of Defendants, Plaintiff never provided prior express consent to be called by or on behalf of Defendants.

26. In all instances, Defendants, acting directly or through one or more intermediaries "spoofed" their calls by transmitting phony caller identification information so that call recipients do not know the true source of the calls.

27. In numerous instances, Defendants, acting directly or through one or more intermediaries, failed to disclose truthfully, promptly and in a clear and conspicuous manner to the person receiving the call (a) the identity of the seller, (b) that the purpose of the call was to sell goods or services, or (c) the nature of the goods or services.

28. Plaintiff was harmed by these calls. She was temporarily deprived of the

legitimate use of her telephone and her privacy was improperly invaded.  Moreover, they injured Plaintiff because they were frustrating, annoying, and disturbed the solitude of Plaintiff.

## COUNT I
### Violations of the TCPA
### (47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2))

29. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

30. Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf caused to be made telemarketing calls to Plaintiff's residential telephone in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

31. Despite her residential Number being registered on the DNC Registry, Plaintiff received more than one telephone call within a 12-month period by or on behalf of Defendants in violation of the TCPA.

32. Defendants' violations were negligent, willful, and/or knowing.

## COUNT II
### Violations of the TCPA
### (47 U.S.C. § 227(c) and 47 C.F.R. § 64.1601(e))

33. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

34. Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, initiated telemarketing calls which failed to transmit the requisite caller identification information and which likewise failed to permit an

individual to make a do-not-call request during regular business hours. *See* 47 C.F.R. § 64.1601(e).

35. The Defendants' violations were willful and/or knowing.

**COUNT III**

**Violations of the WVCCPA, W.Va. Code §§ 46A-6F-112 and 501**

36. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

37. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(2) because they engaged Plaintiff repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing.

38. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(3) because they initiated outbound calls to Plaintiff after she had indicated she did not want to receive such calls.

39. Defendants and/or their agents knowingly engaged in the transmission of misleading or inaccurate caller identification information, including, but not limited to, circumventing caller identification technology that allows consumers to identify from what phone number of organization the call has originated from, or to otherwise misrepresent the origin and nature of the solicitation. *See* W.Va. Code § 46A-6F-501(9).

40. Each of Defendants' actions, or those of agents operating on Defendants' behalf, were done willfully or knowingly.

41. Accordingly, Plaintiff is entitled to relief from Defendants as prescribed under W.Va. Code §§ 46A-6F-502 and 701, including actual damages and statutory penalties.  Plaintiff is likewise entitled to reasonable attorney's fees under W.Va. Code § 46A-5-104.

WHEREFORE, Plaintiff demands from Defendants statutory penalties and damages as provided by law, pre- and post-judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

**JURY TRIAL DEMANDED**.

**DIANA MEY**

/s/    Diana Mey
Diana Mey, Pro Se
418 San Pedro Drive
Lady Lake, FL  32195
304-280-1607
diana_mey@comcast.net